1  Carol G. Unruh, #102929
   LAW OFFICES OF CAROL G. UNRUH
2  3000 S. Robertson Blvd., Suite 215
   Los Angeles, CA 90034
3  Tel(310) 842-9660, Fax (310) 842-9664
   cgunruh@sbcglobal.net
4

5  Attorney for Defendants

6

7

8

9

**FILED & ENTERED**

**JAN 14 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum      DEPUTY CLERK

**CHANGES MADE BY COURT**

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

10

| | |
|---|---|
| 11  In re | Chapter 11 |
| 12  AVIS RICHELLE COPELIN, | Case No. 2:13-bk-32580 RK |
|     | Adv. No. 2:14-ap-01250 RK |
| 13            Debtor | |
|     | **FINDINGS OF FACT AND** |
| 14  AVIS RICHELLE COPELIN, | **CONCLUSIONS OF LAW** |
| 15            Plaintiff | Date:  11/05/14 |
|     | Time:  1:30 P.M. |
| 16  vs. | Ctrm:  1675 Roybal Bldg. |
| 17  GREAT WESTERN CAPITAL, LLC, | |
|     AMBER INVESTMENTS GROUP, INC., | |
| 18  NARA INVESTMENTS GROUP, LLC, | |
|     U.S. BANK, N.A., AS TRUSTEE | |
| 19  FOR THE FIRST FRANKLIN MORT- | |
|     GAGE PASS THROUGH CERTIFICATE | |
| 20  SERIES 2005-FF10, SELECT | |
|     PORTFOLOIO SERVICING, INC., | |
| 21  BANK OF AMERICA, N.A., DOES 1 | |
|     TO 20, | |
| 22  | |
| 23            Defendant(s) | |

24

25      After consideration of the papers in support of and in

26  opposition, if any, to Defendants' Motion For Summary Judgment and

27  oral argument, if any, the court determines that the following

28  facts have been established as:

1

2                              **UNCONTROVERTED FACTS**

3

4   1.   On August 30, 2005, Plaintiff herein, Avis Richele Copelin,

5   executed a promissory note in the amount of $1,200,000.00 secured

6   by a first deed of trust in favor of lender First Franklin

7   regarding that certain real property located at 4629 Talofa Ave.,

8   Toluca Lake, CA 91602. APN 2420-020-011 ("the property"). The

9   deed of trust was recorded on September 2, 2005 in the Office of

10  the Recorder of Los Angeles County as recording number 05-

11  2125528.

12          [Defendants' Request For Judicial Notice, Exhibit 1].

13  2.   On August 30, 2005, Plaintiff herein, Avis Richelle Copelin,

14  executed a promissory note in the amount of $300,000.00 secured

15  by a second deed of trust in favor of First Franklin regarding

16  the property. The deed of trust was recorded on September 2, 2005

17  in the Office of the Recorder of Los Angeles County as recording

18  number 05 2125529.

19          [Defendants' Request For Judicial Notice, Exhibit 2].

20  3.   On March 27, 2007, Plaintiff herein, Avis Richelle Copelin

21  executed a grant deed transferring her interest in the property

22  to Holy Nation Entertainment, Inc. The grant deed was recorded on

23  December 10, 2007 in the Office of the Recorder of Los Angeles

24  County as recording number 20072705526.

25          [Defendants' Request For Judicial Notice, Exhibit 3].

26  4.   On September 15, 2008, Plaintiff herein, Avis Richelle

27  Copelin, executed a grant deed transferring her interest in the

28  property to Armen Hovhannisian. The grant deed was recorded on

1  September 18, 2008 in the Office of the Recorder of Los Angeles

2  County as recording number 20081687049.

3      [Defendants' Request For Judicial Notice, Exhibit 4].

4  5.   On December 22, 2008, the beneficiary of the promissory note

5  and second deed of trust on the property exercised the power of

6  sale contained therein and conducted a foreclosure sale. The

7  purchaser of the property was Siboney A. Monge, Trustee to the

8  Talofa 4629 Trust. A Trustee's Deed Upon Sale was recorded on

9  December 24, 2008 in the Office of the Recorder of Los Angeles

10  County as recording number 20082254894.

11      [Defendants' Request For Judicial Notice, Exhibit 5].

12  6.   On May 7, 2009 Siboney Monge conveyed an interest in the

13  property to Alvina Hiznay. A Grant Deed was recorded on May 22,

14  2009 in the Office of the Recorder of Los Angeles County as

15  recording number 20090767420.

16      [Defendants' Request For Judicial Notice, Exhibit 6].

17  7.   On December 11, 2009, Alvina Hiznay executed a deed of trust

18  regarding the property in favor of Nicklaus Seward and Marina

19  Avetisyan. This junior deed of trust was recorded on December 16,

20  2009 in the Office of the Recorder of Los Angeles County as

21  recording number 20091911259.

22      [Defendants' Request For Judicial Notice, Exhibit 7].

23  8.   On July 7, 2010, the beneficiaries of the junior deed of

24  trust conducted a foreclosure sale of the property. Title to the

25  property was conveyed to beneficiaries Nicklaus Seward and Marina

26  Avetisyan. A Trustee's Deed upon Sale was recorded on July 12,

27  2010 in the Office of the Recorder of Los Angeles County as

28  recording number 20100943787.

[Defendants' Request For Judicial Notice, Exhibit 8].

9.   On April 18, 2011, the Superior Court Of California, County Of Los Angeles entered a judgment in case number EC049804 (c/w BC421897) declaring US Bank to be the beneficiary of the first deed of trust on the property. The judgment also declared a purported reconveyance of the deed of trust to Avis Copelin to be a forgery, null and void, of no effect and ordered it to be expunged from the records of the County Recorder's Office. This judgment was recorded on April 20, 2011 in the Office of the Recorder of Los Angeles County as recording number 20110572273.

[Defendants' Request For Judicial Notice, Exhibit 9].

10.   On August 12, 2013, US bank, the beneficiary under the promissory note and first deed of trust on the property, exercised the power of sale contained therein and conducted a foreclosure. The purchasers of the property were Great Western Capital, LLC (40%), Amber Investments Group, Inc. (30%), and NARA Investments Group, LLC (30%). A Trustee's Deed upon Sale was recorded on August 15, 2013 in the Office of the Recorder of Los Angeles County as recording number 20131201002.

[Defendants' Request For Judicial Notice, Exhibit 10].

Based on the foregoing uncontroverted facts, the Court now makes its

### CONCLUSIONS OF LAW

1.   On August 12, 2013, Plaintiff herein, Avis Richelle Copelin, did not have an ownership interest in the real property located at 4629 Talofa Ave., Toluca Lake, CA 91602, APN 2420-020-011.

2.   At the time of the August 12, 2013 foreclosure sale, US

Bank was the beneficiary of the first deed of trust executed by

Plaintiff herein, Avis Richelle Copelin, on August 30, 2005 and

recorded on September 2, 2005.

3. In this adversary proceeding, Debtor has asserted claims

for relief with respect to a certain parcel of real property

located in California in which she claimed an interest.  At some

point in time, debtor had acquired title to such parcel of real

property by taking out a loan and executing a promissory note and

a deed of trust in favor of the lender with respect to such loan.

Debtor's claims are against parties to foreclosure sales relating

to this property, including prior lenders, assignees of the deed

of trust and purchasers of the property.  The gravamen of

Debtor's claims against these parties is that they are liable to

her for wrongful foreclosure because they have no rights,

ownership or claim to the properties and that any attempted

foreclosure of the deeds of trust was illegal or fraudulent

because they are claiming through parties which did not hold the

original "wet ink signature" promissory note.  *In re Preston,* 931

F. Supp. 2d 743 (N.D. Tex. 2013).  Debtor's claims are based on

what is known as the "show me the note" theory.  *Id.*  at 756.  In

this regard, Debtor principally relies upon *Carpenter v. Longan,*

83 U.S. 271 (1872) for the proposition that "the note and

mortgage are inseparable; the former as essential, the latter as

an incident.  An assignment of the note carries the mortgage with

it, while an assignment of the mortgage alone is a nullity."  See

ECF 106, Debtor's Opposition to Motion to Dismiss, filed on

October 6, 2014, at 6-7.  Thus, according to Debtor, based on

assignments of the deed of trust without authenticated

1   endorsements of the promissory note, the foreclosing party, U.S.

2   Bank, an assignee of the trust deed, lacked authority to

3   foreclose on the property pursuant to the trust deed in a

4   nonjudicial foreclosure sale, and the purchasers at the

5   nonjudicial foreclosure sale thus did not validly purchase the

6   property.  *Id.*  In other words, assignment of the trust deed

7   (i.e., mortgage) alone without the note is a nullity based on

8   *Carpenter v. Longan.*  However, while *Carpenter v. Longan* is a

9   decision of the United States Supreme Court,  it is not

10  dispositive of otherwise constitutional state property laws.  *In*

11  *re Preston,* 931 F.Supp.2d at 759, *citing inter alia, Grayned v.*

12  *City of Rockford,* 408 U.S. 104, 110 (1972)("[I]t is not within

13  our power to construe and narrow state laws.").  As noted in

14  *Preston,* the Supreme Court in *Carpenter v. Longan* was not

15  construing Texas property law regarding nonjudicial foreclosure

16  similar to California property law here; rather, it was applying

17  Colorado territorial or federal common law.  *Id.*  Similarly,

18  *Carpenter* is not controlling here and does not override

19  California property law regarding nonjudicial foreclosure, which

20  permits a party to foreclose based solely on its status as an

21  assignee of a lender's rights under a deed of trust, without

22  regard to who holds the borrower's promissory note.  California

23  Civil Code, § 2924 *et al.; Debrunner v. Deutsche Bank National*

24  *Trust Co.,* 204 Cal.App.4th 433, 439-442 (2012); *In re Rivera,* 2014

25  WL 6675693 at *7 (9th Cir. BAP 2014).

26      4.   Under California law, for the purposes of a non-

27  judicial foreclosure, a party may foreclose based solely on its

28  status as an assignee of the lender's rights under the deed of

trust without regard to who holds the borrower's note. *See Siliga
v. Mortg. Electr. Registration System, Inc.*, 219 Cal.App.4th 75,
84 n.5 (2013); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216
Cal.App.4th 497, 512-13 (2013); *Debrunner v. Deutsche Bank Nat.
Trust Co.*, 204 Cal. App. 4th 433, 439, 138 Cal. Rptr. 3d 830, 834
(2012)

5. Defendants herein Great Western Capital, LLC, Amber
Investments Group, Inc., and NARA Investments Group, LLC were
bona fide purchasers of the real property located at 4629 Talofa
Ave., Toluca Lake, CA 91602, APN 2420-020-011 at the foreclosure
sale conducted on August 12, 2013.

6.   Upon the recording of the Trustee's Deed upon Sale on
August 15, 2013, there arose a conclusive presumption that
defendants herein Great Western Capital, LLC, Amber Investments
Group, Inc., and NARA Investments Group, LLC were the owners of
the real property located at 4629 Talofa Ave., Toluca Lake, CA
91602, APN 2420-020-011.

7.   The foreclosure sale conducted on August 12, 2013
regarding the property located at 4629 Talofa Ave., Toluca Lake,
CA 91602, APN 2420-020-011 and the recording of the Trustee's
Deed upon Sale on August 15, 2013 did not slander title of
Plaintiff herein, Avis Richelle Copelin, to that real property.

8.   The foreclosure sale conducted on August 12, 2013
regarding the real property located at 4629 Talofa Ave., Toluca
Lake, CA 91602, APN 2420-020-011 and the recording of the
Trustee's Deed upon Sale on August 15, 2013 did not constitute an
unfair business practice or unfair competition pursuant to
California Business & Professions Code Section 17200, et seq.

1   (California's Unfair Competition Law), or any other statute.

2       9.   Plaintiff herein, Avis Richelle Copelin, has not

3   tendered payment or alleged tender of payment of the underlying

4   debt secured by the deed of trust in favor of US Bank.   *In re*

5   *Mortgage Electronic Registration Systems, Inc.*, 754 F.3d 772,

6   784-786 (9th Cir. 2014).

7       10.   Plaintiff herein, Avis Richelle Copelin, has not

8   offered sufficient evidence in support of her claim for slander

9   of title.

10      11.   Plaintiff herein, Avis Richelle Copelin, has not

11  offered sufficient evidence in support of her claim for quiet

12  title.

13      12.   Plaintiff herein, Avis Richelle Copelin, has not

14  offered sufficient evidence in support of her claim for unfair

15  business practice or unfair competition pursuant to California

16  Business & Professions Code Section 17200, et seq. (California's

17  Unfair Competition law), or any other statute.

18      Judgment shall be entered in Defendants' favor consistent

19  herewith.

20      IT IS SO ORDERED.

21                              ###

22

23

24  Date: January 14, 2015

25                              _____
                                Robert Kwan
25                              United States Bankruptcy Judge

26

27

28